1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MARIA DE JESUS CISNEROS,                    CASE NO. CV F 09-1436 LJO SMS

12                    Plaintiff,        _____**ORDER ON TRUSTEES CORPS' MOTION
                                              TO DISMISS**
13          vs.                                 (Docs. 6, 7.)

14   INSTANT CAPITAL FUNDING
     GROUP, INC., et al,
15
                     Defendants.
16   _____/

17                          **INTRODUCTION**

18          Defendant MTC Financial, Inc. dba Trustee Corps ("Trustee Corps") seeks to dismiss plaintiff

19   Maria De Jesus Cisneros ("Ms. Cisneros'") home loan and default claims on grounds, among others, that

20   Trustee Corps is not subject to Ms. Cisneros' claims in its limited role as foreclosure trustee.  Ms.

21   Cisneros filed no timely opposition papers.  This Court considered Trustee Corps' F.R.Civ.P. 12(b)(6)

22   motion to dismiss on the record and VACATES the October 1, 2009 hearing, pursuant to Local Rule 78-

23   230(c), (h).  For the reasons discussed below, this Court DISMISSES this action against Trustee Corps.

24                          **BACKGROUND**

25                   **Ms. Cisneros' Loan And Default**

26          Ms. Cisneros executed a November 22, 2006 Fixed/Adjustable Rate Note Interest Only Period

27   promissory note ("note") in the amount of $142,400 payable to defendant lender Instant Capital Funding

28   Group, Inc. ("Instant Capital").  Ms. Cisneros executed a November 22, 2006 Deed of Trust ("DOT")

                                          1

to secure the note with her Corcoran residence ("property").[1]  The DOT identifies Instant Capital as the lender, Gateway Title Company/Land America ("Gateway Title") as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.

On March 31, 2009, Trustee Corps recorded a notice of default for Ms. Cisneros' loan.  On July 15, 2009, Ms. Cisneros received a notice of trustee sale that Trustee Corps would sell her home on July 29, 2009.

By an assignment of deed of trust dated March 23, 2009 and recorded on August 10, 2009, MERS assigned to defendant Indymac Federal Bank, F.S.B. ("Indymac") all beneficial interest under the DOT.  By a substitution of trustee recorded on July 14, 2009, Indymac substituted Trustee Corps as trustee under the DOT.

After Ms. Cisneros failed to cure her default, Trustees Corps recorded on July 14, 2009 a notice of trustee's sale to set a July 29, 2009 sale.

**Ms. Cisneros' Claims**

Ms. Cisneros proceeds on her complaint ("complaint") filed on July 23, 2009 in Kings County Superior Court.  Trustee Corps removed the action to this Court.

The complaint primarily alleges that Ms. Cisneros "was placed into a loan which was inappropriate for her conditions, defeated her expressed desires, and was contrary to her needs."  The complaint takes issue that Ms. Cisneros' "loan became a part of IndyMac's loan pool with little or no due diligence on the part of Defendant IndyMac."  According to the complaint, Ms. Cisneros "was never provided disclosures in Spanish and was unaware of the terms, costs, and obligations of the loan transaction."

The complaint alleges seven claims which this Court will address below and names 10 corporate and individual defendants involved in Ms. Cisneros' loan and non-judicial foreclosure of the property.  The complaint seeks special, general, treble and punitive damages, rescission of Ms. Cisneros' loan, restitution of overpaid interest, hidden commissions and costs, declaratory relief that Ms. Cisneros lacks an obligation to provide restitution, and an injunction to prevent wrongful sale of the property.

---

[1]    All documents pertaining to Ms. Cisneros' loan, property and default were recorded with the Kings County Clerk Recorder.

1
2

**DISCUSSION**

**F.R.Civ.P. 12(b)(6) Motion Standards**

3  Trustee Corps seeks dismissal in absence of its "present interest" in the property and allegations
4  of "acts directly by Trustee Corps other than recording and providing notice of the Notice of Default and
5  Notice of Trustee's Sale."  Trustee Corps notes its limited role as foreclosure trustee "years after"
6  execution of the note and DOT.

7  F.R.Civ.P. 8 requires a complaint to contain "a short plain statement of the claim showing that
8  the pleader is entitled to relief."  To comply with F.R.Civ.P. 8, a plaintiff "must plead a short and plain
9  statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the
10 claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th
11 Cir. 2000).

12 A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set
13 forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception
14 of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not
15 whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to
16 support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*
17 *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where
18 there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a
19 cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*
20 *v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

21 In resolving a F.R.Civ.P. 12(b)(6) motion, the court must:  (1) construe the complaint in the light
22 most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine
23 whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty*
24 *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is "free to ignore legal
25 conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in
26 the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th
27 / / /
28 / / /

3

Cir. 2003) (citation omitted).[2]  A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  (Citation omitted.)

Moreover, a complaint's face may reveal other defenses as a matter of law.  "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).

---

[2]  A "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

4

Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2.   In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).   A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).   Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[3]   A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).   Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action."   *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).   A court may consider "matters of general public record." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).   As such, this Court may consider Ms. Cisneros' pertinent loan and foreclosure documents.

### Failure To Satisfy F.R.Civ.P. 8

The complaint sprawls 37 pages (excluding exhibits) of verbose text and includes case and statutory quotations.

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).   "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."

---

[3]      "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

1   *McHenry*, 84 F.3d at 1180.  "Prolix, confusing complaints . . . impose unfair burdens on litigants and

2   judges."  *McHenry*, 84 F.3d at 1179.

3        Moreover, a pleading may not simply allege a wrong has been committed and demand relief.

4   The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

5   "grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957);

6   *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Despite the

7   flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and

8   state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d

9   646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of particularity overt facts

10  which defendant engaged in to support plaintiff's claim.  *Jones*, 733 F.2d at 649.

11       The complaint and each of its claims fail to satisfy F.R.Civ.P. 8 requirements as to Trustee

12  Corps.  The complaint makes the redundant claims that defendants "connived and conspired" and

13  defendants placed Ms. Cisneros "into a loan with no net benefit" and that Ms. Cisneros "was induced"

14  to provide confidential information and to enter into an improper loan.  The complaint lacks relevant

15  facts to support valid, cognizable legal theories as to Trustee Corps.  The complaint fails to give Trustee

16  Corps, and other defendants fair notice of claims plainly and succinctly to warrant dismissal of Ms.

17  Cisneros' claims.

18                                          **Privilege**

19       Trustee Corps seeks to invoke California Civil Code section 2924(d) ("section 2924(d)")

20  immunity to Ms. Cisneros' claims in that Trustee Corps acted as Indymac's agent solely to foreclose on

21  the property.

22       Non-judicial foreclosure sales "are governed by a 'comprehensive' statutory scheme. This

23  scheme, which is found in Civil Code sections 2924 through 2924k, evidences a legislative intent that

24  a sale which is properly conducted 'constitutes a final adjudication of the rights of the borrower and

25  lender.'" *Royal Thrift and Loan Co. v. County Escrow, Inc.*, 123 Cal.App.4th 24, 32, 20 Cal.Rptr.3d 37

26  (2004) (quoting  *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.,* 85 Cal.App.4th 1279, 1283-1284, 102

27  Cal.Rptr.2d 711, fn. omitted (2001)).

28       Section 2924(d) renders as California Civil Code section 47 "privileged communications" the

1  "mailing, publication, and delivery" of foreclosure notices and "performance" of foreclosure procedures.

2  The section 2924(d) privilege extended through California Civil Code section 47 applies to tort claims

3  other than malicious prosecution.  *Hagberg v. California Federal Bank FSB*, 32 Cal.4th 350, 361 81

4  P.3d 244 (2004) ("As noted, the only tort claim we have identified as falling outside the privilege

5  established by section 47(b) is malicious prosecution.")

6     Trustee Corps' alleged wrongs are subject to section 2924(d) immunity.  This Court construes

7  Ms. Cisneros' absence of opposition as her concession that Trustee Corps is shielded by section 2924(d)

8  immunity to further warrant dismissal of this action against Trustee Corps.

9                                    **Fraud**

10     The complaint's (first) fraud claim[4] chiefly targets Instant Capital for making false promises as

11  to Ms. Cisneros' loan.  The claim alleges that "Defendants placed Plaintiff into a loan with no net benefit

12  for Plaintiff" and "deliberately intended to financially injure the Plaintiff."

13     Trustee Corps faults the claim's failure to satisfy F.R.Civ.P. 9(b)'s particularity requirement and

14  to distinguish the multiple defendants' "roles in the alleged fraud."  Trustee Corps notes the absence of

15  "charging allegations" against it given that it was not involved in Ms. Cisneros' loan.

16     F.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."[5]

17  In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s

18  particularity requirements."  *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D.

19  Cal. 2003).  A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P.

20  9(b)'s heightened pleading requirements.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir.

21  2003).  A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with

22  particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state

23  a claim.  *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a

24

25     [4]  The claim is entitled "Promissory and Constructive Fraud and Deceit, Against Against [sic] All Defendants."

26     [5]  F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court
27  will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir.
28  1995)(italics in original)).

short and plain statement of the claim showing that the pleader is entitled to relief."

F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). F.R.Civ.P. 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged); *Neubronner*, 6 F.3d at 672 ("The complaint must specify facts as the times, dates, places, benefits received and other details of the alleged fraudulent activity.")

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Ca. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp.

8

1427, 1433 (N.D. Ca. 1988)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D. Fla. 1998)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

Moreover, in a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991).

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377 (1996). The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. *Caldo v. Owens-Illinois, Inc.*, 125 Cal.App.4th 513, 519, 23 Cal.Rtpr.3d 1 (2004).

"[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action. *Conrad v. Bank of America*, 45 Cal.App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996). There must be a showing "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Conrad*, 45 Cal.App.4th at 157, 53 Cal.Rptr.2d 336.

The complaint is severely lacking and fails to satisfy F.R.Civ.P. 9(b) "who, what, when, where and how" requirements as to Trustee Corps. The complaint makes no effort to allege specific misrepresentations or names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. The

1   complaint lumps all defendants without differentiating them. The complaint fails to establish fraud

2   elements.  The fraud allegations do not target particular defendants, other than perhaps Instant Capital,

3   and the complaint's global approach is unsatisfactory.  The fraud claim's deficiencies are so severe to

4   suggest no potential improvement from an attempt to amend.

5                                               **Breach Of Fiduciary Duty**

6            The complaint's (second) breach of fiduciary duty claim alleges that defendants "had a duty to

7   rise above 'arm's length' transactions and act in a relationship of trust requiring care and integrity."  The

8   claim further alleges that defendants "breached their fiduciary duty" by:

9            1.        Falsifying Ms. Cisneros' income and expenses;

10           2.        Failing to adequately investigate or research her loan "which was the subject of several

11                     secondary mortgage market transactions";

12           3.        Assigning Ms. Cisneros' loan to an assignee undisclosed to her; and

13           4.        Placing Ms. Cisneros in a loan for which she neither bargained nor agreed.

14           Trustee Corps notes that the complaint alleges only a relationship of lender-borrower which is

15   not fiduciary.

16           "[T]o plead a cause of action for breach of fiduciary duty, there must be shown the existence of

17   a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any

18   one of these elements is fatal to the cause of action."  *Pierce v. Lyman*, 1 Cal.App.4th 1093, 1101, 3

19   Cal.Rptr.2d 236 (1991).

20           "The relationship between a lending institution and its borrower-client is not fiduciary in nature."

21   *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1093, n. 1, 283 Cal.Rptr. 53 (1991)

22   (citing *Price v. Wells Fargo Bank,* 213 Cal.App.3d 465, 476-478, 261 Cal.Rptr. 735 (1989)).   A

23   commercial lender is entitled to pursue its own economic interests in a loan transaction. *Nymark*, 231

24   Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53(citing *Kruse v. Bank of America,* 202 Cal.App.3d 38, 67, 248

25   Cal.Rptr. 217 (1988)).  Absent "special circumstances" a loan transaction is "at arms-length and there

26   is no fiduciary relationship between the borrower and lender."  *Oaks Management*, 145 Cal.App.4th at

27   466, 51 Cal.Rptr.3d 561 ("the bank is in no sense a true fiduciary").

28           Trustee Corps is correct that the complaint fails to allege a fiduciary relationship arising from

                                                        10

1   Ms. Cisneros' loan transaction.  Moreover, as foreclosure trustee, Trustee Corps is not a creditor and

2   lacks a beneficial interest in the DOT.

3        An "ordinary trust deed conveys the legal title to the trustee only so far as may be necessary to

4   the execution of the trust." *Lupertino v. Carbahal*, 35 Cal.App.3d 742, 748, 111 Cal.Rptr. 112 (1973).

5   A deed of trust "carries none of the incidents of ownership of the property, other than the right to convey

6   upon default on the part of the debtor in the payment of his debt." *Lupertino*, 35 Cal.App.3d at 748, 111

7   Cal.Rptr. 112 (quoting *Bank of Italy, etc. Assn. v. Bentley,* 217 Cal. 644, 656, 20 P.2d 940 (1933)).  The

8   California Court of Appeal has explained a deed of trust trustee's limited authority:

9            The trustee under a deed of trust "is not a true trustee, and owes no fiduciary
         obligations; [it] merely acts as a common agent for the trustor and beneficiary of the deed
10        of trust. [The trustee's] only duties are: (1) upon default to undertake the steps necessary
         to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the
11        deed of trust." (*Vournas v. Fidelity National Title Ins. Co.* (1999) 73 Cal.App.4th 668,
         677, 86 Cal.Rptr.2d 490.) Consistent with this view, California courts have refused to
12        impose duties on the trustee other than those imposed by statute or specified in the deed
         of trust. As our Supreme Court noted in *I.E. Associates v. Safeco Title Ins. Co.* (1985)
13        39 Cal.3d 281, 216 Cal.Rptr. 438, 702 P.2d 596, "The rights and powers of trustees in
         nonjudicial foreclosure proceedings have long been regarded as strictly limited and
14        defined by the contract of the parties and the statutes.... [¶] ... [T]here is no authority for
         the proposition that a trustee under a deed of trust owes any duties with respect to
15        exercise of the power of sale beyond those specified in the deed and the statutes." ( Id.
         at pp. 287-288, 216 Cal.Rptr. 438, 702 P.2d 596.)

16

17  *Heritage Oaks Partners v. First American Title Ins. Co.,* 155 Cal.App.4th 339, 345, 66 Cal.Rptr.3d 510

18  (2007); *see Monterey SP Partnership v. WL Bangham*, 49 Cal.3d 454, 462-463, 261 Cal.Rtpr. 587

19  (1989) ("The similarities between a trustee of an express trust and a trustee under a deed of trust end

20  with the name. . . .  the trustee under a deed of trust does not have a true trustee's interest in, and control

21  over, the trust property. Nor is it bound by the fiduciary duties that characterize a true trustee.")

22       In the absence of a fiduciary duty owed by Trustee Corps, the breach of fiduciary duty claim fails

23  as to it.

24                          **Rescission And Restitution**

25       The (third) claim is entitled "Damages, Rescission and Restitution, for Violation of Statutes."

26  The claim references the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and Regulation Z,

27  12 C.F.R. §§ 226, et seq., TILA's implementing regulations.  The claim alleges that Ms. Cisneros "did

28  not receive any disclosures or any notice of her right to rescission at any time prior to or after the loan

transaction was made and the Note signed."  The claim references California statutes and seeks "to rescind the Loan Agreement and the Note, or alternatively to reform the documents to conform to the intention of the parties . . . , and order restitution to Plaintiff and disgorgement from the Defendants respectfully of the wrongful commissions, profits and fees incurred."

Trustee Corps correctly notes that it is not subject to rescission, restitution and related relief in that it "is not a party to the loan transaction and, specifically, not a party to the Note" given its limited involvement as foreclosure trustee.  Trustee Corps is not a proper party to rescission, restitution and related claims, and Ms. Cisneros offers no opposition.

**Reformation And Declaratory Relief**

The (fourth) reformation and declaratory relief claim alleges that Ms. Cisneros "was never invited or provided with an opportunity to effectively negotiate a Loan Modification or discuss other alternatives to avoid foreclosure" to satisfy California Civil Code section 2923.5.  The claim seeks "a court order reflecting a further and appropriate cram-down of the principal amount of the loan to present Fair Market Value of the Plaintiff's home which remains as security."

Again, Trustee Corps correctly notes that as foreclosure trustee, it is neither a party to the note or DOT nor a proper party to reformation and declaratory relief claims.  The reformation and declaratory relief claim fails as to Trustee Corps.

**Negligence**

The (fifth) negligence claim alleges that "defendants" breached a duty of care by:

1.   Permitting "Defendants' loan brokers and agents to present to the defendant lender an overstatement of the Plaintiff's income on the loan application without inquiry or documentation";

2.   Presenting "a loan program to the Plaintiff to induce her to sign loan documents, but then placing her into a far inferior, in fact predatory, loan program";

3.   Targeting "Plaintiff as a Spanish speaker, and permitting and failing to properly and adequately translate or provide written translations of the loan documents in Plaintiff's primary language";

4.   Charging "fees and taking commissions that were hidden, disguised, duplicative,

1    excessive, unconscionable and unjust"; and

2    5.    Placing "the Plaintiff into a loan program that would only serve to benefit the

3          Defendants, at the expense of Plaintiff."

4    Once again, Trustee Corps correctly notes that it was not involved in Ms. Cisneros' loan to avoid

5    liability under the claim.  As a DOT trustee, Trustee Corps is subject only to duties "imposed by statute

6    of specified in the deed of trust."  *Heritage Oaks*, 155 Cal.App.4th at 345, 66 Cal.Rptr.3d 510.  Trustee

7    Corps is not subject to a "loan industry" standard of care alleged in the negligence claim, which fails as

8    to Trustee Corps.

9                                **Unfair Practices**

10   The (sixth) unfair practices claim appears to attempt to allege a claim under California's Unfair

11   Competition Law ("UCL"), California Business and Professions Code sections 17200, et seq.  The claim

12   alleges unfair business practices, including:

13   1.    Targeting "the Plaintiff as a unsophisticated borrower";

14   2.    "[C]hanging the terms and presenting a different set of terms in writing to be signed at

15         a rushed closing";

16   3.    "Charging hidden or disguised fees, undisclosed commissions, secretly increased interest

17         rates, and interest rates on costs";

18   4.    "Charging a much higher interest rate than is appropriate";

19   5.    "Negotiating the terms in Spanish but presenting all documents in English"; and

20   6.    Refusing "to provide accurate or complete account statements."

21   The claim seeks "injunctive relief prohibiting Defendants from its continued violation" and

22   "disgorgement of commissions, penalties, fees, excessive or usurious interest, or profits."

23   As with other claims, Trustee Corps correctly notes its absence of connection to Ms. Cisneros'

24   loan.  Moreover, Trustee Corps' actions are subject to California Civil Code section 47 privilege to

25   shield Trustee Corps' from a UCL claim.  The UCL "allows a private plaintiff to proceed under it to seek

26   redress for conduct which violates any predicate statute, unless the defendant is privileged, immunized

27   by another statute."  *Stevens v. Superior Court*, 75 Cal.App.4th 594, 603-604, 89 Cal.Rptr.2d 370

28   (1999).  As noted above, Section 2924(d) renders as California Civil Code section 47 "privileged

1   communications" the "mailing, publication, and delivery" of foreclosure notices and "performance" of

2   foreclosure procedures. The California Civil Code section 47 privilege shields Trustee Corps from a

3   UCL claim.

4          Moreover, Ms. Cisneros' UCL claim is subject to federal preemption.

5          "[B]ecause there has been a history of significant federal presence in national banking, the

6   presumption against preemption of state law is inapplicable." *Bank of America v. City and County of*

7   *S.F.*, 309 F.3d 551, 559 (9th Cir. 2002), *cert. denied*, 538 U.S. 1069, 123 S.Ct. 2220 (2003).  In *Silvas*

8   *v. E\*Trade Mortgage Corp.,* 421 F.Supp.2d 1315 (S.D. Cal. 2006), *aff'd*, 514 F.3d 1001 (9th Cir. 2008),

9   a fellow district court held that the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461, et seq.,

10  preempted claims under the UCL if the UCL claims were predicated on TILA.  *See Reyes v. Downey*

11  *Saving & Loan Ass'n*, 541 F.Supp.2d 1108, 1115 (C.D. Cal. 2008).  The court reasoned that "when

12  federal law preempts a field, it does not leave room for the states to supplement it."  *Silvas*, 421

13  F.Supp.2d at 1319 (citing *Rice v. Santa Fe Elev. Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447

14  (1947)).  The Ninth Circuit affirmed the district court and held that the plaintiff's UCL claims were

15  preempted.  *Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d at 1006.

16         States may not avoid preemption by adopting federal laws and adding supplemental remedies.

17  *Reyes*, 541 F.Supp.2d at 1115; *see Public Util. Dist. No. 1 of Grays Harbor Cty. Wash. v. IDACOR, Inc.*,

18  379 F.3d 641, 648-49 (9th Cir.2004).  "Plaintiffs' use of the UCL as predicated on TILA is preempted."

19  *Reyes*, 541 F.Supp.2d at 1115; *see Nava v. Virtual Bank*, 2008 WL 2873406, at \*7 (E.D. Cal. 2008)

20  ("[F]or the same reason that plaintiff's UCL claim based on unfair or fraudulent business practices is

21  preempted by federal law, plaintiff's UCL claim based on violation of TILA is also preempted.

22  Moreover, plaintiff's UCL claim based on violation of TILA is also preempted by federal law since its

23  application would supplement TILA by changing TILA's framework.")

24         Ms. Cisneros' UCL claim appears tied to TILA or other federal law to render her UCL claim

25  preempted.  Ms. Cisneros is unable to avoid preemption in the guise of an UCL claim, especially given

26  the vague, conclusory allegations of unfair practices.

27                         **California Civil Code Section 1632 Violation**

28         The (seventh) California Civil Code section 1632 violation claim alleges defendants' "brokers,

                                            14

agents and assigns conducted the mortgage loan transactions primarily or entirely in Spanish but failed to provide a Spanish-language version of the mortgage loan contracts to the Plaintiff prior to signing." The claim appears to seek rescission of the note and DOT.

Again, Trustee Corps' lack of involvement in the loan transaction renders Trustee Corps not subject to a claim under California Civil Code section 1632.

### Punitive Damages

The complaint's (first) fraud, (second) breach of fiduciary duty, (third) rescission and restitution, and prayer reference punitive damages.  Trustee Corps seeks to strike the punitive damages claims and references in the absence of sufficient supporting facts.

F.R.Civ.P. 12(f) empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).  "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994).  "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."  *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).  "A motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law."  *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005).

California Civil Code section 3294 ("section 3294") provides that in an action "for breach of an obligation not arising from contract," a plaintiff may seek punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."  Cal. Civ. Code, § 3294(a).

"Although the court will apply the substantive law embodied in section 3294, 'determinations regarding the adequacy of pleadings are governed by the Federal Rules of Civil Procedure.'"  *Jackson*

15

1    *v. East Bay Hosp.*, 980 F.Supp. 1341, 1353 (N.D. Cal. 1997).

2        Punitive damages are "available to a party who can plead and prove the facts and circumstances

3 set forth in Civil Code section 3294." *Hilliard v. A.H. Robbins Co.*, 148 Cal.App.3d 374, 392, 196

4 Cal.Rptr. 117 (1983). "To support punitive damages, the complaint . . . must allege ultimate facts of the

5 defendant's oppression, fraud, or malice." *Cyrus v. Haveson*, 65 Cal.App.3d 306, 316-317, 135 Cal.Rptr.

6 246 (1976). Pleading the language in section 3294 "is not objectionable when sufficient facts are alleged

7 to support the allegation." *Perkins v. Superior Court*, 117 Cal.App.3d 1, 6-7, 172 Cal.Rptr. 427 (1981).

8        In *G.D. Searle & Co. v. Superior Court*, 49 Cal.App.3d 22, 29, 122 Cal.Rptr. 218 (1975), the

9 California Court of Appeal explained punitive damages pleading:

10           When the plaintiff alleges an intentional wrong, a prayer for exemplary damage may be
          supported by pleading that the wrong was committed willfully or with a design to injure.
11           . . . When nondeliberate injury is charged, allegations that the defendant's conduct was
          wrongful, willful, wanton, reckless or unlawful do not support a claim for exemplary
12           damages; such allegations do not charge malice. . . . When a defendant must produce
          evidence in defense of an exemplary damage claim; fairness demands that he receive
13           adequate notice of the kind of conduct charged against him. (Citations omitted.)

14 "Allegations that the acts . . . were 'arbitrary, capricious, fraudulent, wrongful and unlawful,' like other

15 adjectival descriptions of such proceedings, constitute mere conclusions of law . . ." *Faulkner v.*

16 *California Toll Bridge Authority*, 40 Cal.2d 317, 329, 253 P.2d 659 (1953); *see Letho v. Underground*

17 *Construction Co.*, 69 Cal.App.3d 933, 944, 138 Cal.Rptr. 419 (1997) (facts and circumstances of fraud

18 should be set out clearly, concisely, and with sufficient particularity to support punitive damages); *Smith*

19 *v. Superior Court*, 10 Cal.App.4th 1033, 1042, 13 Cal.Rptr.2d 133 (1992) (punitive damages claim is

20 insufficient in that it is "devoid of any factual assertions supporting a conclusion petitioners acted with

21 oppression, fraud or malice."); *Brousseau v. Jarrett*, 73 Cal.App.3d 864, 872, 141 Cal.Rptr. 200 (1977)

22 ("conclusory characterization of defendant's conduct as intentional, willful and fraudulent is a patently

23 insufficient statement of 'oppression, fraud, or malice, express or implied,' within the meaning of section

24 3294").

25        Punitive damages are never awarded as a matter of right, are disfavored by the law, and should

26 be granted with the greatest of caution and only in the clearest of cases. *Henderson v. Security Pacific*

27 *National Bank*, 72 Cal.App.3d 764, 771, 140 Cal.Rptr. 388 (1977).

28        Trustee Corps is correct that "there are no charging allegations of **any** wrongdoing by TRUSTEE

CORPS under the causes of action for which Plaintiff claims punitive damages." (Bold in original). The punitive damages claims and references are conclusory and merely include the words "bad faith," "malice," "wilful and knowing," and "scienter" without illustrative facts. The complaint lacks specific allegations of Trustee Corps' wrongdoing to impose punitive damages. The complaint fails to provide adequate notice of alleged conduct to support punitive damages. Moreover, the failure of Ms. Cisneros' claims warrants striking of the punitive damages claims and references.

### Attempt At Amendment And Malice

Ms. Cisneros' claims against Trustee Corps are incognizable, lack necessary elements or are barred as a matter of law. Ms. Cisneros is unable to cure her claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court is concerned that Ms. Cisneros brought this action in absence of good faith and that she exploits the court system solely for delay or to vex defendants. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action against Trustee Corps.

This Court is aware that Ms. Cisneros filed recently a remand motion and set a November 20, 2009 hearing. The remand motion and its extended hearing date demonstrate Ms. Cisneros' attempt to exploit the court system for further delay and will not be tolerated by this Court.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.     DISMISSES this action with prejudice against Trustee Corps and STRIKES punitive damages claims and references against Trustee Corps;

2.     DIRECTS the clerk to enter judgment in favor of defendant MTC Financial, Inc. dba Trustee Corps and against plaintiff Maria De Jesus Cisneros;

3.    ORDERS Ms. Cisneros, no later than September 29 , 2009, to file papers to show cause why this Court should not dismiss this action against defendants Instant Capital Funding Group, Inc., Instant Capital Escrow, Inc., KP Organization, Inc., Indymac Federal Bank, FSB, Onewest Bank, FSB, Luis Enrique Martinez, Paul Campos, Jack Harry Conrad and Kailin Hwang; and

4.    STRIKES Ms. Cisneros' remand motion and VACATES the November 20, 2009 hearing on the remand motion.  Defendants need not respond to the remand motion.

**This Court ADMONISHES Ms. Cisneros that this Court will dismiss this action against defendants Instant Capital Funding Group, Inc., Instant Capital Escrow, Inc., KP Organization, Inc., Indymac Federal Bank, FSB, Onewest Bank, FSB, Luis Enrique Martinez, Paul Campos, Jack Harry Conrad and Kailin Hwang if Ms. Cisneros fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss defendants Instant Capital Funding Group, Inc., Instant Capital Escrow, Inc., KP Organization, Inc., Indymac Federal Bank, FSB, Onewest Bank, FSB, Luis Enrique Martinez, Paul Campos, Jack Harry Conrad and Kailin Hwang.**

IT IS SO ORDERED.

**Dated:     September 18, 2009            /s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

18