**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARIA DE JESUS CISNEROS,**<br>**Plaintiff,**<br>v.<br>**INSTANT CAPITAL FUNDING GROUP, INC.; INSTANT CAPITAL ESCROW, INC.; KP ORGANIZATION, INC; INDYMAC FEDERAL BANK, FSB; ONEWEST BANK, FSB; MTC FINANCIAL INC., DBA TRUSTEE CORP; LUIS ENRIQUE MARTINEZ, PAUL CAMPOS; JACK HARRY CONRAD; KAILIN HWANG; AND DOES 1 THROUGH 100, INCLUSIVE,**<br>**Defendants.** | **NO. 1:09-CV-1645-AWI-SMS**<br>**NO. 1:09-CV-1436-LJO-SMS**<br><br>**ORDER CONSOLIDATING ACTIONS, TRANSFERRING CASE 1:09-CV-1645-AWI-SMS TO JUDGE O'NEILL AND VACATING NOVEMBER 2, 2009 HEARING PENDING BEFORE CHIEF JUDGE ISHII** |

On July 23, 2009, Plaintiff Maria Cisneros ("Ms. Cisneros") filed a complaint in Kings County Superior Court of California. On August 13, 2009, Defendant Trustee Corps removed the Plaintiff's action (Case No. 09C 0218) to the U.S. District Court for the Eastern District of California. On September 18, 2009, Judge Lawrence J. O'Neill dismissed Ms. Cisnero's complaint with prejudice against Trustee Corps and ordered Ms. Cisneros to file papers to show cause why this court should not dismiss the action against Defendants Instant Capital Funding Group, Inc., Instant Capital Escrow, Inc., KP Organization, Inc., Indymac Federal Bank, FSB, Onewest Bank, FSB, Luis Enrique Martinez, Paul Campos, Jack Harry Conrad, and Kailin Hwang. See Case No. 1:09-CV-1436-LJO-SMS Doc. No. 8. Ms. Cisneros failed to show cause why the court should not dismiss the remaining Defendants. On October 1, 2009, the court

1  dismissed Ms. Cisnero's action without prejudice as to Defendants Instant Capital Funding
2  Group, Inc., Instant Capital Escrow, Inc., KP Organization, Inc., Indymac Federal Bank, FSB,
3  Onewest Bank, FSB, Paul Campos, Jack Harry Conrad, and Kailin Hwang.  See Case No. 1:09-
4  CV-1436-LJO-SMS Doc. No. 13.  Pursuant to Ms. Cisnero's request, the court dismissed the
5  action with prejudice as to Defendant Luis Enrique Martinez.  On October 1, 2000, the court
6  closed Case No. 1:09-CV-1436-LJO-SMS.

7  On September 11, 2009, Onewest Bank removed Ms. Cisnero's action (Case No. 09C
8  0218) to the Eastern District.  The removal action was assigned to Chief Judge Anthony Ishii and
9  the Clerk's Office for the Eastern District designated the action as Case No. 1:09-CV-1645-AWI-
10 SMS.  Given that Defendant Trustee Corps had already removed Ms. Cisnero's action (Case No.
11 09C 0218) to the Eastern District of California and in light of the fact that Ms. Cisneros has not
12 filed an amended complaint as to any Defendant, it was not necessary for Onewest Bank to
13 remove Ms. Cisnero's action.  On October 12, 2009, Onewest filed a motion to dismiss.  The
14 motion to dismiss hearing is set for November 2, 2009, before Chief Judge Anthony W. Ishii.

15 Cases No. 1:09-CV-1645-AWI-SMS and No. 1:09-CV-1436-LJO-SMS warrant
16 consolidation because they are related cases that involve a common question of law and fact.
17 Rule 42 provides:
18     (a) Consolidation.  If actions before the court involve a common question of law or fact,
19 the court may:
20     (1) join for hearing or trial any or all matters at issue in the actions;
21     (2) consolidate the actions; or
22     (3) issue any other orders to avoid unnecessary cost or delay.
23 Fed. R. Civ. P. 42.  Once a common question has been established, "consolidation is within the
24 broad discretion of the district court."  Paxonet Communs., Inc. v. Transwitch Corp., 303 F.
25 Supp.2d 1027, 1028-1029 (N.D. Cal. 2003).  Here, both actions involve the same complaint
26 (Case No. 09C 0218), involve the same 10 defendants, and are based on the exact same seven
27
28                                                          2

claims, and involve the same property and loan transaction. Because both actions involve the same complaint and issues, their assignment to Judge O'Neill is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions, or because it would entail substantial duplication of labor if the actions were heard by different judges.

Accordingly, Case No. 1:09-CV-1645-AWI-SMS shall be transferred from the docket of Chief Judge Ishii to the docket of Judge O'Neill.

The Court has previously dismissed all the defendants named in the complaint. Accordingly, Case No. 1:09-CV-1645-AWI-SMS shall be administratively closed by the Clerk.

## ORDER

For the reasons discussed above,

(1) Cases No. 1:09-CV-1645-AWI-SMS and No. 1:09-CV-1436-LJO-SMS are consolidated, with 1:09-CV-1436-LJO-SMS as the lead case;

(2) Case No. 1:09-CV-1645-AWI-SMS shall be transferred from the docket of Chief Judge Ishii to the docket of Judge O'Neill;

(3) Case No. 1:09-CV-1645-AWI-SMS shall be administratively closed by the Clerk; and

(4) the November 2, 2009 motion to dismiss hearing pending before Chief Judge Ishii is vacated.

This order does not reopen Case No. 1:09-CV-1436 LJO SMS and all claims against all defendants are dismissed.

IT IS SO ORDERED.

**Dated:   October 23, 2009**                /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE